A

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

................MIDDLESEX............ , ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

**06-4128**

.........Peter M. Flinn............. , Plaintiff(s)

v.

UGS Corporation,
Brian Frattaroli and..... , Defendant(s)
David Werner

## SUMMONS

To the above-named Defendant:  UGS Corporation

You are hereby summoned and required to serve upon ..Bartholomew. P.. Molloy,. Esquire.......

.............. ..................................... plaintiff's attorney, whose address is .Molloy. & .Associates,...

300 East Main St., Milford, MA  01757........., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ...Cambridge,............

Massachusetts.......................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at ..Cambridge, Massachusetts.................................

the ...............22nd............................ day of ...............November.............................

...................., in the year of our Lord ...........2006....................... .

*Edward J. Sullivan*

**Clerk**

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## THE COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                    SUPERIOR COURT
                                                  CIVIL ACTION NO.        06-4128

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

NOV 17 2006

*Edward J. Sullivan*

CLERK

PETER M. FLINN,
                    Plaintiff

v.                                                **COMPLAINT AND**
                                                  **DEMAND FOR TRIAL BY JURY**

USG CORPORATION,
BRIAN FRATTAROLI, AND
DAVID WERNER

                    Defendants

1.      Plaintiff Peter M. Flinn ("Mr. Flinn") is an individual residing at 18 Warwick Drive, Westwood, Norfolk County, Massachusetts 02090.

2.      Defendant USG Corporation ("USG") is a corporation being established and having a usual place of business at 404 Wyman Street, Suite 225, Waltham, Middlesex County, Massachusetts 02451.

3.      Defendant Brian Frattaroli ("Mr. Frattaroli") is an individual whose residential address is currently unknown. Mr. Frattaroli is a manager employed by USG.

4.      Defendant David Werner ("Mr. Werner") is an individual whose residential address is presently unknown. Mr. Werner is a manager employed by USG.

5.      Mr. Flinn was employed by USG from 1998 until October 7, 2005 as a client sales executive ("CSE") and was also referred to as a sales representative.

6.     At all times relevant, USG developed and sold computer software products used in the mechanical design and analysis market. Upon information and belief, USG employs several thousand people including several hundred people in Massachusetts.

7.     Between March 2003 through January, 2004, Mr. Flinn took a medical leave of absence to undergo surgery to amputate part of his leg and to recover from complications due to diabetes.

8.     Soon after returning to work, Mr. Flinn took a short medical leave to undergo a kidney transplant and returned to work on April 1, 2004.

9.     During his absences, Mr. Flinn's best accounts were assigned to others.

10.     In March, 2005, Mr. Flinn was assigned to a sales territory which included Vermont, parts of Western Massachusetts and several individual accounts. He was also given additional non-direct sales responsibilities.

11.     Due to the nature of the territory and accounts assigned to him, Mr. Flinn was given unreasonable and unrealistic sales goals and was treated differently that other client service representatives similarly situated who were not disabled.

12.     At all times relevant, Mr. Flinn was a qualified handicapped person capable of performing the essential functions of his job if given reasonable accommodation to his handicap.

13.     After March, 2005, Mr. Flinn requested a reasonable accommodation to his handicap from USG in the form of a collaborative effort

2

with another CSE which, if implemented, would have met any and all reasonable sales goals. USG refused to implement the proposal or otherwise work with Mr. Flinn to accommodate his handicap.

14.    Mr. Frattaroli was the direct supervisor of Mr. Flinn for a period of time subsequent to March, 2005 and he aided and abetted USG in its discriminatory actions.

15.    Mr. Werner was the direct supervisor of Mr. Flinn for a period of time subsequent to March, 2005 and he aided and abetted USG in its discriminatory actions.

16.    Mr. Flinn was placed in a performance improvement plan which was a retraining program which USG offered to him. Despite satisfactory performance, he was terminated in his employment on or about October 7, 2006. Other persons similarly situated were not terminated.

17.    On July 13, 2006, Mr. Flinn filed a timely charge with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission, Mr. Frattaroli and Mr. Werner alleging, among other things, discrimination in his employment. All jurisdictional requirements for maintaining this action have been satisfied.

## COUNT I
### (Claim under G.L. ch. 151B § 4)

18.    Mr. Flinn hereby incorporates by reference as though fully set forth herein his allegations contained in paragraphs 1-17 of the Complaint.

19.    Mr. Flinn was unlawfully terminated in his employment by USG because of his handicap.

20.    As a direct result of USG's conduct, Mr. Flinn has been damaged.

## COUNT II
### (Breach of Contract)

21.    Mr. Flinn hereby incorporates by reference as though fully set forth herein his allegations contained in paragraphs 1-20 of the Complaint.

22.    Mr. Flinn and USG had an employment relationship which included covenants of good faith and fair dealing to each other.

23.    USG violated the covenants of good faith and fair dealing by unlawfully terminating its employment relationship with Mr. Flinn upon the pretext that he had not met reasonable and realistic sales goals.

24.    As a direct result of USG's conduct, Mr. Flinn has been damaged.

## COUNT III
### (Claim of Aiding and Abetting
### Under G.L. ch. 151B §4)

25.    Mr. Flinn hereby incorporates by reference as though fully set forth herein his allegations contained in paragraphs 1-24 of the Complaint.

26.    Mr. Frattaroli and Mr. Werner aided and abetted USG in discriminating against Mr. Flinn in his employment.

27.    As a direct result of Mr. Frattaroli and Mr. Werner's conduct, Mr. Flinn has been damaged.

4

WHEREFORE Plaintiff Peter M. Flinn hereby requests the following relief against the Defendants USG Corporation, Brian Frattaroli and David Werner:

1.      That the Court award the Plaintiff his damages including, but not limited to, back pay, front pay, lost benefits, monies for emotional distress and statutory interest;

2.      That the Court award the Plaintiff his reasonable attorney's fees, expert witness fees, and other costs of suit;

3.      That the Court award the Plaintiff punitive damages;

4.      That the Court award such other relief as is right and just.

## Demand for Trial by Jury

Plaintiff Peter M. Flinn hereby requests trial by jury of all issues raised in the pleadings.

Peter M. Flinn
By his attorneys,

Dated:  November 17, 2006

Bartholomew P. Molloy, Esq.
BBO 350820
MOLLOY & ASSOCIATES
Professional Corporation
300 East Main Street
Suite 103
Milford, MA 01757
508-478-9700

5

B

## THE COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
CIVIL ACTION NO.

```
                                        )
PETER M. FLINN,                         )
                    Plaintiff           )
                                        )
v.                                      )
                                        )
UGS CORPORATION,                        )        AMENDED COMPLAINT
BRIAN FRATTAROLI, AND                   )
DAVID WERNER                            )
                                        )
                    Defendants          )
                                        )
```

All references in the caption and throughout the Complaint are hereby changed to reflect the correct name and spelling from "USG Corporation" to "UGS Corporation".

Peter M. Flinn
By his attorneys,

Dated: November 20, 2006

Bartholomew P. Molloy, Esq.
BBO 350820
MOLLOY & ASSOCIATES
Professional Corporation
300 East Main Street
Suite 103
Milford, MA 01757
508-478-9700

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon all attorneys of record for each party by first class mail (by hand) on  *11 / 20 / 06* .

*Bartholomew P. Molloy*

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **PETER M. FLINN,** ) | **CASE NO.** |
| ) | |
| **Plaintiff,** ) | |
| ) | **JUDGE** |
| **v.** ) | |
| ) | |
| **UGS CORPORATION, et al.** ) | **DECLARATION OF MATTHEW** |
| ) | **MEADE** |
| **Defendants.** ) | |
| ) | |

MATTHEW MEADE declares upon his oath that he is of full age, sound mind, and has personal knowledge of the following facts:

1.      I am a Human Resources Manager employed by UGS Corp. ("UGS"). I have held this position since April of 2001.

2.      UGS is a Delaware corporation with its corporate headquarters in Plano, Texas, and its principal place of business is in Texas.

3.      In the regular course of business, personnel data from all UGS employees is input into an electronic database by, or from information transmitted by, persons with knowledge of that information. In my capacity as a Human Resources Manager, I have access to UGS' electronic personnel database.

4.      Based on the information maintained in the usual course of UGS' regularly conducted business activities, UGS was paying Peter M. Flinn an annual salary of $58,762.44 at the time of his termination on October 7, 2005.

5.    I am competent to testify about each of these matters which are within my personal knowledge.

Pursuant to 28 U.S.C. Section 1745, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  12/13/06

Matthew Meade

501214298 1

2

D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **PETER M. FLINN,** | ) | **CASE NO.** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JUDGE** |
| **v.** | ) | |
| | ) | |
| **UGS CORPORATION, et al.** | ) | **DECLARATION OF BRIAN** |
| | ) | **FRATTAROLI** |
| **Defendants.** | ) | |
| | ) | |

BRIAN FRATTAROLI declares upon his oath that he is of full age, sound mind, and has personal knowledge of the following facts:

1.    My residence addresss is 271 Putting Green Road, Trumbull, Connecticut 06611.

2.    I have lived at this address since August, 1998.

I am competent to testify about each of these matters which are within my personal knowledge.

Pursuant to 28 U.S.C. Section 1745, I declare under penalty of perjury that the foregoing is true and correct.

Dated: _10/13/06_

_____
Brian Frattaroli

56996. 00007. S01218502.1

E

F

## COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, ss**                                    **SUPERIOR COURT DEPARTMENT**

| | | |
|---|---|---|
| **PETER M. FLINN,** | ) | **CIVIL ACTION NO. MICV2006-04128-D** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **NOTICE TO OPPOSING** |
| **UGS CORPORATION, BRIAN** | ) | **COUNSEL OF REMOVAL OF** |
| **FRATTAROLI, AND DAVID WERNER,** | ) | **CIVIL ACTION TO FEDERAL** |
| | ) | **COURT** |
| **Defendants.** | ) | |

TO:    Bartholomew P. Molloy, Esq.
       Molloy & Associates, P.C.
       300 East Main Street
       Suite 103
       Milford, MA 01757

**PLEASE TAKE NOTICE**, that on December 19, 2006, Defendants UGS Corporation,
Brian Frattaroli and David Werner ("Defendants), by and through their attorneys, filed in the
United States District Court of Massachusetts their Notice of Removal of Civil Action of the
above-styled action from the Superior Court, Middlesex County, Cambridge, Massachusetts, (a
copy of said Notice is attached hereto) to the United States District Court for the District of
Massachusetts together with copies of the Complaint and Amended Complaint filed by the
Plaintiff in the Superior Court, Middlesex County, Cambridge, Massachusetts.

You are also advised that Defendant, upon filing said Notice, will promptly file a Notice
of Removal of Civil Action to Federal Court with the Clerk, Superior Court, Middlesex County,
Cambridge, Massachusetts, and attached thereto copies of the following: (1) Notice of Removal
with exhibits attached thereto; and (2) the Notice to Opposing Counsel of Removal of Civil
Action to Federal Court.

Such action has effected the removal of this action to the United States District Court for the District of Massachusetts, in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446 and no further proceedings may be had in this state court action.

Respectfully submitted,

Joseph P. McConnell (BBO # 566412)
jmcconnell@morganbrown.com
Laura M. Raisty (BBO #640400)
lraisty@morganbrown.com
Morgan, Brown & Joy LLP
200 State Street
Boston, Massachusetts 02109
617-523-6666 (Telephone)
617-367-3125 (Facsimile)

*Attorneys for Defendants UGS Corporation, Brian Frattaroli and David Werner*

2

## PROOF OF SERVICE

A true copy of the foregoing *Notice of Filing Notice of Removal of Civil Action* was

served upon Plaintiff's counsel Bartholomew P. Molloy, Molloy & Associates, P.C., 300 East

Main Street, Milford, MA 01757, via regular U.S. mail on the 19th day of December, 2006.

*Laura M. Raith*

*Attorneys for Defendants UGS Corporation, Brian
Frattaroli, and David Werner*

G

## COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| **MIDDLESEX, ss** | **SUPERIOR COURT DEPARTMENT** |

| | | |
|---|---|---|
| **PETER M. FLINN,** | ) | **CIVIL ACTION NO. MICV2006-04128-D** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **NOTICE OF REMOVAL OF** |
| **UGS CORPORATION, BRIAN** | ) | **CIVIL ACTION TO FEDERAL** |
| **FRATTAROLI, AND DAVID WERNER,** | ) | **COURT** |
| | ) | |
| **Defendants.** | ) | |

TO:    Clerk of Court
       Middlesex Superior Court
       40 Thorndike Street
       Cambridge, MA 02141

**PLEASE TAKE NOTICE**, that on December 19, 2006, Defendants UGS Corporation, Brian Frattaroli and David Werner ("Defendants), by and through their attorneys, filed in the United States District Court of Massachusetts their Notice of Removal of Civil Action to said District Court. A true and correct copy of the Notice of Removal is attached hereto as Exhibit 1. A true and correct copy of the Notice to Opposing Counsel of Removal of Civil Action to Federal Court (without attachment) is attached hereto as Exhibit 2.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to 28 U.S.C. § 1446, the filing of the Notice of Removal in the United States District Court, together with the filing of a copy of the Notice of Removal of Civil Action to Federal Court with this Court, effects the removal of this action and this Court may proceed no further unless and until the case is remanded.

Respectfully submitted,

*Laura M. Raisty*

Joseph P. McConnell (BBO # 566412)
jmcconnell@morganbrown.com
Laura M. Raisty (BBO #640400)
lraisty@morganbrown.com
Morgan, Brown & Joy LLP
200 State Street
Boston, Massachusetts 02109
617-523-6666 (Telephone)
617-367-3125 (Facsimile)

*Attorneys for Defendants UGS Corporation, Brian Frattaroli and David Werner*

2

## PROOF OF SERVICE

A true copy of the foregoing *Notice of Filing Notice of Removal of Civil Action* was served upon Plaintiff's counsel Bartholomew P. Molloy, Molloy & Associates, P.C., 300 East Main Street, Milford, MA 01757, via regular U.S. mail on the 19th day of December, 2006.

*Laura M Kristy*

*Attorneys for Defendants UGS Corporation, Brian Frattaroli, and David Werner*